MILLS and others *v.* LEVY and others.

Debtors, who were in failing circumstances, assigned their estate to trustees for the benefit of creditors : 1. Upon trust to collect debts, &c ; 2. To pay certain debts in full ; 3. Upon trust, to pay, rateably' as far as the proceeds would go, all other creditors who should, within 6. months, agree to release the debtors ; 4. Upon trust, out of whatever should remain, to pay, rateably, such creditors as might not, within the 6, months agree, to give such release. And, in case none of the creditors referred to in the third and fourth trusts agreed to give such release within the period limited, then the assignees were to apply the proceeds, which remained after satisfying the trusts firstly and secondly expressed, to the payment, so far as they would extend, of all the creditors rateably. HELD to be fraudulent as against creditors.

The complainants were judgment creditors of Myer Levy and Ebenezer Henriques, who had made an assignment, on the twenty second day of November one thousand eight hundred and thirty two of their property to the defendants Solomon I. Joseph and———.

A bill was now filed to overthrow the assignment as fraudulent on the ground of its trusts tending to delay, hinder or defraud creditors.

*February* 17. 1834.

*Debtor and Creditor.*

*Fraudulent assignment.*

A motion had been made (after the coming in of the answer) for a receiver; but in order the better to satisfy the mind of the court as to the goodness of the assignment, a second argument was now had.

The property assigned covered all the estate and property of which Myer Levy and Ebenezer Henriques had been possessed; and the trusts of the assignment were as follow: "Upon trust to sell and dispose of the said goods wares and merchandize, and to collect the said Book debts, promissory notes, claims and demands, and to convert the same into money. And out of the proceeds arising from the sales and collections thereof to pay, in the first place, all reasonable costs, charges and expenses of drawing these presents, and of making the sales of the said goods, wares and merchandize and of collecting the said notes, claims debts, and demands and all other reasonable costs, charges, and expenses attending the execution of the trusts declared and expressed in and by these presents. *Secondly, upon the further Trust,* out of the said proceeds, to pay and satisfy in full the debts set forth and mentioned in schedule A. hereunto annexed, or *pro rata,* in proportion to the amounts of the said several debts, in case the premises assigned should be insufficient to pay the same. And, *Thirdly,* to pay and satisfy all the debts mentioned and referred to in the schedule B. hereunto annexed, and the holders of the notes therein mentioned, and all other creditors of the said parties of the first part, whether named in the said schedule or not, who shall, within six calendar months from the date hereof, agree to release and discharge the said parties of the first part from all claims and demands in rateable proportions according to the amounts of their respective claims, so far as the said assigned premises shall extend. And, *Fourthly, upon the further Trust,* out of whatever shall thereafter remain of said proceeds, to pay and satisfy rateably, in proportion to the amount of their respective claims, all and every of the creditors of the said parties of the first part, and holders of their notes and responsibilities who may not, within the six calendar months, agree to give such release and discharge. And in case none of the creditors mentioned and referred to in the trusts herein thirdly and fourthly above expressed and declared, shall agree to give such

release and discharge as aforesaid within the period aforesaid, then the said parties of the second part shall appropriate and apply all the proceeds of the premises hereby assigned, which may remain after executing and satisfying the trusts herein above firstly and secondly expressed, to the payment and satisfaction, so far as the said proceeds may extend, of all the creditors of the said parties of the first part rateably in proportion to the amounts of the debts due to them respectively."

Mr. *R. Sedgwick* and Mr. *D. D. Field,* in support of the motion, relied upon *Lentilhon* v. *Moffat,* see 1. vol. 451. and the (*M. S.*) cases of *Wakeman* v. *Grover* and *Gunn,* and *Burral* Jr. v. *Leslie,* both of which cases had been before the chancellor, and the former, afterwards, was taken to the court of errors. They will be found sufficiently referred to in the opinion of the court upon the present motion.

Mr. *F. B. Cutting,* for the assignees.

THE VICE-CHANCELLOR :—The provisions of the assignment made by the defendants Levy and Henriques are, simply, these : After providing for the law and other necessary expenses, the trustees are directed to pay certain creditors in full or *pro rata,* as far as the avails will extend ; then, so far as the assigned property would go, to pay all other creditors equally who should, within six months, agree to discharge the assignors from all claims and demands ; and, out of what should remain, to pay rateably the creditors who might not, within the six calendar months, agree to give such release and discharge ; and, lastly, if such creditors should agree to give such release and discharge within the period aforesaid, then the trustees were to apply the proceeds which might remain, after executing the trusts first expressed (that is to say, the payment of the preferred debts) to the satisfaction, so far as they would extend, of all the creditors rateably. There is no ultimate disposition of a residue.

The case of *Lentilhon* v. *Moffat* has been referred to upon the argument: but it will be found that I did not there ex-

*March* 11.

24

press any decided opinion upon the effect of trusts like those embraced by the present assignment. The complainants place some reliance upon *Wakeman* v. *Grover* and *Gunn.* The assignment in that case contained trusts more objectionable than those now before the court. The counsel upon the present motion refer, however, to the decision in the court of Errors against the assignment in the case just mentioned upon the ground of its giving a preference upon the condition of the creditors granting an absolute discharge; but, I have not been furnished with a copy of the opinions in that court. (a)

Still I am relieved from all embarrassment by the decision of the chancellor in the later case of *Burrall,* Jr. v. *Leslie,* which has been decided since the case of *Wakeman* v. *Grover* and *Gunn* was passed upon in the court of Errors. He decreed against the assignment which the defendants John Leslie and Ross Leslie had made to the other defendants Williams and McDougald. And upon comparing the trusts of it with those which appear in the case now before me, I can perceive no difference between them. The trusts there were in the following words: " In trust for the sole and only uses and purposes following and on the conditions following, that is to say, that the said assignees shall take the immediate and full possession thereof; and shall dispose of the same; and collect the same in such manner and times as to them shall seem most advisable for the benefit of our said creditors. And, that the said assignees shall forward, by mail or otherwise, to each and all of the aforesaid creditors, as soon as may be, a notice of this assignment and objects; and shall, after deducting all reasonable expences and charges from the avails of this assignment, divide the balance or so much thereof as shall be necessary among those of the aforesaid creditors who shall, on or before the fifteenth day of December next, agree to receive such dividend, in full discharge and satisfaction of their respective debts. And if there should not be sufficient avails to fully pay the said last mentioned debts, then the said assignees shall divide the

_____

(a) At this time the report of the case (11. Wend. 187.) had not been published.

same among the aforesaid creditors who shall agree as afore-
said to take a dividend and discharge as aforesaid, in pro-
portion to the respective amounts of their said debts.    And
should there be more avails, after deducting expences and
charges as aforesaid, than to fully pay off all the debts of
those creditors who shall come in for dividend and discharge
their debts as aforesaid, then and in that case the said trus-
tees, should there be enough, shall pay up all the debts to
such creditors as do not come in for a dividend as aforesaid.
And if there should not be enough for that purpose, shall
then pay and divide the same among the said last mentioned
creditors, in proportion to their respective debts.    And if,
after the payment of all expences and charges as aforesaid
and all the debts of our creditors, there should yet be left a
balance of avails from this assignment, that balance the said
trustees shall pay over to us or our legal assigns."(b)

---

(b) The chancellor gave no written opinion in the case of *Burrall* Jr. v.
*Leslie*, but the following is a copy of the order directed to be entered :

" On looking into the bill of complaint in this cause and the answer of
all the defendants, by which it appears that the complainants are creditors
of the said John Leslie and Ross Leslie, and, before filing their bill in this
cause, had obtained judgments and executions against the property of the
said John Leslie and Ross Leslie ; and that the said John Leslie and Ross
Leslie had then avowed themselves insolvent and had assigned and deliver-
ed all their property and effects to the said other defendants Matthew Wil-
liams and Peter McDougald, in whose hands the said property and effects
were at the time of the said executions of the complainants were delivered
to the sheriff; and it further appearing to the court that, on filing the said
bill of complaint, an injunction was issued and served, restraining the said
defendants from disposing of any of the said property and effects or the
avails thereof; and now, on motion, on behalf of the defendants, that the
said injunction be dissolved ; and on motion, on behalf of the complainants,
that a receiver be appointed, with the usual powers ; and after hearing Mr.
Bushnell of counsel for the complainants and Mr. Stevens of counsel for the
defendants ; it appearing satisfactorily to the chancellor that the said John
Leslie and Ross Leslie are insolvent and unable to pay their debts, and that
the said assignment of their property and effects to the said other defendants
Matthew Williams and Peter McDougald is fraudulent and void, *it is there-
upon ordered*, that the said injunction be continued ; and that a receiver be
appointed, agreeably to the prayer of the said bill of complaint ; and that it
be referred to a master residing in the county of Onondaga to appoint a re-
ceiver, with the usual powers, and to take from him the requisite security.
And that due notice be given to the parties in this suit, and to Timothy R.

The chancellor must certainly have considered, in this case of *Burrall,* Jr. v. *Leslie,* that the court of Errors, in *Wakeman* v. *Grosvenor* and *Gunn,* had passed upon the principle involved in this mode of creating preferences and I also must decide against the validity of the present assignment. Let a reference be had to Master Codwise, for him to select a suitable person as receiver of the assigned estate and effects, with power to take the requisite security.

---

Green Esquire, solicitor for Samuel Matthews and John A. Ostrander, who are complainants in a creditor's bill in this court against said John Leslie and Ross Leslie, of the time and place when and where the said master will receive nominations and make the appointment of such receiver and determine upon and take such security. *And it is further ordered,* that the said defendants and each of them forthwith, after the appointment of such receiver, do and they are hereby directed to assign, transfer and deliver over to the receiver, on oath, under the direction of the master, all the said property and effects, heretofore assigned by the said John Leslie and Ross Leslie to the said Matthew Williams and Peter McDougald; and that they, the said defendants, appear before the master from time to time and produce such books and papers and submit to such examination as the master shall direct in relation to any matter which they might have been legally required to disclose by particular specification in this order. And that the master report to this court with all convenient speed.